# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CLEAVESTER CHARLESTON, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION NO. 10-00704-CG-B |
| HALE COUNTY COMMISSION, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant Hale County Commission's Motion for Partial Dismissal (Doc. 10). Upon a review of Defendant's motion, supporting briefs, and Plaintiff's response, the undersigned recommends that the motion be granted in part, and denied, in part.

## I. Background

Plaintiff Cleavester Charleston filed the instant employment discrimination action against Defendant Hale County Commission on December 17, 2010. (Doc. 1). Plaintiff alleges that Defendant denied him a promotion and retaliated against him on account of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the Civil Rights Act of 1991, 42 U.S.C. § 1983, 42 U.S.C. § 1981 and 1981a. Defendant seeks the partial dismissal of Plaintiff's Complaint on the following grounds:

1) Plaintiff's claim based on the denial of a promotion in 2007 should be dismissed because Plaintiff did not serve his lawsuit within ninety days of receiving his right-to-sue Notice;

2) Plaintiff's retaliation claim is premature because the Equal Employment Opportunity Commission (hereinafter "EEOC") has not completed its review of Plaintiff's charge; and

3) Plaintiff's claim for punitive damages should be dismissed because governmental entities such as the Hale County Commission are not subject to punitive damages under 42 U.S.C. § 1981a nor 42 U.S.C. § 1983.

In his response, Plaintiff concedes that EEOC has not completed its investigation of his retaliation charge; thus, his retaliation claim is due to be dismissed without prejudice. Plaintiff argues that his Complaint was properly filed within ninety days of receipt of his right-to-sue Notice and is therefore not barred by the statute of limitations. Plaintiff further asserts that Defendant was aware of Plaintiff's claim; thus, it cannot claim prejudice. Plaintiff also argues that punitive damages are available against the Commission.

**II.  Discussion**

   **A. Legal Standard**

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and

exhibits attached thereto. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Wilchombe v. TeeVee Toons, Inc., 555 F. 3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)(quoting Twombly, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" Id. "'[Rule 12(b)(6)] does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element. It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" Watts v. Fla. Int'l Univ., 495 F. 3d 1289, 1295-96 (11th Cir. 2007)(internal citations omitted).

**B. Analysis**

**1. 2007 denial of promotion**

Defendant contends that Plaintiff's Title VII claim arising out of the denial of a promotion in 2007 should be dismissed because "it would be inequitable and unfair to allow Plaintiff

3

to prosecute his Title VII claims based on the 2007 denial of promotion" since Plaintiff filed, but did not serve the Complaint, within ninety days of receiving his Notice of Right to Sue. Defendant does not cite any case authority for this proposition, and the Court is not aware of any. The sole basis for Defendant's argument appears to be that ninety days after the issuance of the right-to-sue notice, Defendant reasonably believed that Plaintiff had decided not to file a lawsuit. Defendant's argument is without merit. In <u>Pardazi v. Cullman Medical Center</u>, 896 F.2d 1313 (11th Cir. 1990), the Eleventh Circuit expressly rejected the notion that service of process is required in order for a party to comply with 42 U.S.C. § 2000e-5(f)(1)'s requirement that a Title VII complaint be filed within ninety days after receiving right-to sue notice from EEOC. The Court made clear that § 2000e-5(f)(1)is fully satisfied by the timely filing of the complaint. <u>Id</u>. at 1315. Whether a complaint is timely served is an altogether different issue, and is controlled by Rule 4(m) of the Federal Rules of Civil Procedure, which provides that a complaint may be dismissed without prejudice if the plaintiff fails to serve process within 120 days after filing the complaint. <u>Id</u>. at 1316. In this case, it is undisputed that the Complaint was filed on December 17, 2010, and was served on February 11, 2011, which is within 120 days of the Complaint filing date. (Docs. 1, 11-1). Because the

Complaint was timely filed pursuant to § 2000e-5(f)(1), and was timely served under Rule 4(m), Defendant's contention that the Complaint is barred by laches is without merit. Accordingly, the undersigned recommends that Defendant's request to dismiss the Complaint be denied.

**2. Retaliation claim**

Defendant asserts, and Plaintiff acknowledges, that his retaliation claim is premature because EEOC has not completed its administrative investigation of the claim, and has not issued to Plaintiff a right to sue notice. As a condition precedent to the right to file a civil action under Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge with the EEOC within 180 days of the unlawful employment practice. Vason v. City of Montgomery, 86 F. Supp. 2d 1130, 1132 (M.D. Ala. 2000), *aff'd,* 240 F. 3d 905 (11th Cir. 2001). The receipt of a right-to-sue notice also is a condition precedent to asserting a civil action in federal district court. Forehand v. Florida State Hosp., 89 F. 3d 1562, 1567-1568 (11th Cir. 1996). Because the receipt of a right-to-sue notice is not a jurisdictional prerequisite to suit in district court, but is a condition precedent, it is subject to equitable modification. Id*.* The receipt of a right-to-sue notice subsequent to the commencement of a Title VII case can satisfy the precondition. Id*.* at 1568. Because it is uncontested that EEOC has not

5

completed its investigation of Plaintiff's retaliation charge and issued a right-to-sue notice, this claim is due to be dismissed without prejudice to Plaintiff's right to re-file this claim after either the EEOC completes its investigation and Plaintiff receives a right-to-sue notice or Plaintiff requests issuance of the notice. Accordingly, the undersigned recommends that Defendant's motion be granted with respect to Plaintiff's retaliation claim.

**3. Punitive Damages**

Defendant asserts that Plaintiff's claim for punitive damages should be dismissed because municipal entities, such as the Hale County Commission, are not subject to punitive damages under 42 U.S.C. § 1981a. Plaintiff contends that such damages are available under Title VII. However, 42 U.S.C. § 1981a (b)(1) expressly provides that "[a] complaining party may recover punitive damages under this section against a respondent **(other than a government, government agency or political subdivision)...**" (emphasis added). Thus, governmental entities are expressly exempt from punitive damages under Title VII, and the United States Supreme court has held that a municipality is immune from punitive damages under 42 U.S.C. § 1983. Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981). Accordingly, the undersigned

recommends that Defendant's motion be granted with respect to Plaintiff's claim for punitive damages.

**III. Conclusion**

For the reasons set forth herein, and upon careful consideration of the record, the undersigned **RECOMMENDS** as follows:

1) Defendant's Motion to Dismiss Plaintiff's Complaint due to laches be denied;

2) Defendant's Motion to Dismiss Plaintiff's Retaliation claim be granted without prejudice; and

3) Defendant's Motion to Dismiss Plaintiff's claim for punitive damages be granted with prejudice.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **21st** day of **April, 2011**.

                                            **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.  *Objection.*  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

8

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **21st** day of **April, 2011.**

                              **/s/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**